ANDREW MALONEY AS ADMINISTRATOR, ETC., OF EDWARD MALONEY, DECEASED, RESPONDENT, *v.* JAMES A. WOODIN, APPELLANT.

*Letters of administration — Seal of surrogate — may be affixed at any time after issuing of.*

Upon the trial of an action brought by an administrator, letters of administration offered in evidence by him were excluded on the ground that the seal of the surrogate was not affixed thereto. Upon an adjourned hearing the same letters, with the seal affixed, were offered in evidence and received against the defendant's objection that the seal could not be affixed after the commencement of the action. *Held,* that they were properly received; that it was sufficient that the seal was upon them at the time they were offered and received in evidence.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*George K. Carroll,* for the appellant.

*Cromwell & Conlan,* for the respondent.

MULLIN, P. J.:

In the spring of 1875 defendant owned and was in possession of a farm at North Bay, in the county of Oneida, on which was a hotel in which he lived. Being out of health, he desired to sell the property aforesaid, together with the furniture in the hotel, and applied to plaintiff's intestate to procure him a purchaser, and, if the intestate succeeded in finding a purchaser for the whole property, defendant promised to pay him $300 for his services.

The intestate undertook to find a purchaser, and did, after a time, find a purchaser for part of the property, to wit: the hotel and fur-

niture and one acre of land; the residue of the land was not taken by the purchaser. Defendant valued the whole property at $11,000; the purchaser paid for what he bought $9,100. The plaintiff claimed of defendant the whole sum that defendant agreed to pay the intestate for finding a purchaser for the whole property. Defendant refused to pay any thing, except a small amount for carriage hire, and thereupon this action was brought.

On the trial the plaintiff's counsel offered as evidence the letters of administration issued to the plaintiff, which were not sealed with the seal of the Surrogate's Court, and their introduction in evidence was objected to by the defendant's counsel on that ground, and the objection was sustained by the referee. The hearing was then adjourned, and on the adjourned day the letters were again offered, having on them the surrogate's seal, which had been affixed since the day on which the hearing was adjourned.

The defendant's counsel renewed his objection to the reception of the papers, on the ground that the seal could not be affixed after the commencement of the trial, and that it must still be treated as without a seal. The objection was overruled and the paper received. I am not aware that the law has prescribed a time when the seal of a court or officer must be affixed to a certificate or other instrument. If a seal is required, and is upon the instrument when offered in evidence, it is enough.

The paper was properly received in evidence. The evidence of the employment of the intestate, and that he procured a purchaser for the defendant's property, is not as clearly proved as it would seem to me it might have been; yet I think the referee is justified in finding an agreement between the parties and the performance of it by the intestate.

The defendant's letters recognize the employment, and concede performance, in part at least, of the contract by the intestate.

Judgment should be affirmed.

TALCOTT, J., dissents.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment affirmed.